497 So.2d 726 (1986)
CONTINENTAL CASUALTY COMPANY, Appellant,
v.
FIRST ARLINGTON INVESTMENT CORPORATION, Appellee.
No. 86-535.
District Court of Appeal of Florida, Second District.
November 14, 1986.
*727 John Calhoun Bales of Shear, Newman & Hahn, P.A., Tampa, for appellant.
Lefferts L. Mabie, Jr., and Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellee.
HALL, Judge.
An insurance company appeals a final judgment for the insured in a declaratory action to interpret a provision of a malpractice insurance policy. We affirm.
This appeal had its origin in an accident which occurred at a resort on the Gulf of Mexico in Pinellas County. First Arlington Investment Corporation (Arlington) owned the land on which the resort was located. The land was leased to LaPlaya of Redington Beach, Inc. (LaPlaya). LaPlaya owned the resort buildings located on the real property and a pier which extended from the property into the Gulf of Mexico. The accident occurred when Kenneth McGuire dove from the pier into the shallow water and sustained injuries. McGuire sued Arlington and LaPlaya. Both Arlington and LaPlaya were insured by Auto-Owners, which retained attorney Ray E. Ulmer to defend both insureds.
After a jury trial, McGuire won a judgment against Arlington and LaPlaya in the amount of one million dollars, which was substantially in excess of the Auto Owners policy limit of one hundred thousand dollars. That judgment was affirmed on appeal. First Arlington Investment Corp. v. McGuire, 311 So.2d 146 (Fla. 2d DCA 1975), cert. denied, 330 So.2d 16 (Fla. 1976). McGuire subsequently levied upon Arlington's land and LaPlaya's buildings, and he became the owner thereof at an execution sale.
Arlington and LaPlaya then each filed a separate action against Auto Owners, Ulmer, and Ulmer's professional negligence carriers, including the appellant in this appeal, Continental Casualty Company. The lawsuit alleged oversights or errors committed by Ulmer during the defense of the McGuire case. These cases culminated in a partial settlement in 1979 in which Continental agreed to pay jointly to LaPlaya and Arlington the sum of $250,000, which Continental contended to be its full policy limits. Continental further agreed to submit for determination the question of whether its coverage was limited to $250,000 or whether under the circumstances of the case the total aggregate coverage of $500,000 was applicable.
This appeal arises from the declaratory action filed by Arlington demanding a determination of the coverage available under the policy issued by Continental. That policy contained the following provision:
The limit of liability stated in the declarations as applicable to "each claim" is a total limit of the company's liability for all damages arising out of all acts or omissions in connection with the same professional service regardless of the number of claims or claimants.
Both Arlington and Continental filed motions for summary judgment with attached affidavits. After a hearing, the trial court entered final judgment for Arlington against Continental in the amount of $250,000 plus interest and costs.
The malpractice alleged by Arlington and LaPlaya involved Ulmer's defense of both in the negligence action filed by McGuire. The malpractice actions alleged that Ulmer committed malpractice by having one file in the case and defending the two when Arlington had transferred all of the improvements to LaPlaya and leased to LaPlaya the underlying land where the accident occurred. Arlington alleged that it did not reserve or maintain any control or right of control over the property, thereby relieving itself of legal responsiblity for any negligence of LaPlaya in connection with the *728 accident. Arlington and LaPlaya alleged that a conflict of interest existed and that they should have been represented by separate counsel. The parties also alleged that Ulmer erred in failing to pursue settlement negotiations and in not presenting on LaPlaya's behalf the defense that LaPlaya had by contract given a third party the responsibility for maintenance of the premises.
On appeal Continental argues that the damages to Arlington and LaPlaya arose out of acts or omissions "in connection with the same professional service," in the words of the insurance policy, and that the $250,000 limit of liability, therefore, should apply. We disagree.
This is not a case where a lawyer was representing two clients with consistent positions. In order to protect each of his clients, it was necessary for him to render separate services which were distinct to each of them. The damages to each party were caused when Ulmer failed to raise the defenses appropriate to each party. Thus, the damages did not arise from the same professional service but arose from acts or omissions in the separate and distinct professional services Ulmer provided, or should have provided, to the two clients.
Accordingly, the final judgment for Arlington is affirmed.
GRIMES, A.C.J., and RYDER, J., concur.